```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN DORTY,                    : CIVIL NO: 1:11-CV-02359
                                 :
          Plaintiff              :
                                 : (Chief Judge Kane)
     v.                          :
                                 : (Magistrate Judge Smyser)
REGIONAL ACCEPTANCE CORPORATION, :
                                 :
          Defendant              :
```

## REPORT AND RECOMMENDATION

The plaintiff, proceeding *pro se*, commenced this action in Magisterial District Court No. 39-3-06 in Franklin County, Pennsylvania. He raised a claim under Pennsylvania law and a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* The defendant removed the case to this court on December 20, 2012.

The defendant filed a motion to dismiss the complaint or, in the alternative, for a more definite statement and a brief in support of that motion. The plaintiff then filed an amended complaint dropping the federal claim. He also filed a motion to change venue and a brief in support of that motion. Although the plaintiff titled his motion as a motion to change

venue, it appears that he is requesting that the court remand the case to state court.

Given the plaintiff's amended complaint, the defendant's motion to dismiss the original complaint or, in the alternative, for a more definite statement is moot.  Also, given the plaintiff's amended complaint, the only remaining claim is a state law claim.

The court has supplemental jurisdiction over the remaining state law claim.  Whether to exercise supplemental jurisdiction, however, is within the discretion of the court.  28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if all claims over which it had original jurisdiction have been dismissed.  When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Third Circuit has held that "where the claim over which the district court has original jurisdiction is

2

dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Because this case is at a very early stage, the considerations of judicial economy, convenience, and fairness do not provide an affirmative justification for exercising supplemental jurisdiction. Rather, those factors weigh in favor of remanding the case to the state court. *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988)(holding that in a removal action a district court has discretion to remand to the state court state law claims over which it declines to exercise pendent jurisdiction and indicating that remand is often preferable to dismissal).

Based on the foregoing, it is recommended that the defendant's motion (doc. 4) to dismiss the original complaint or, in the alternative, for a more definite statement be denied as moot.  It is also recommended that the plaintiff's motion

(doc. 6) for a change of venue be construed as a motion asking the court to decline to exercise supplemental jurisdiction and remand the case to state court and so construed that the motion be granted.  It is recommended that the cased be remanded to Magisterial District Court No. 39-3-06 in Franklin County, Pennsylvania.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  February 6, 2012.

4